ELIZABETH GREENLEAF and Another, Appellants, v. THE BROOKLYN,
    FLATBUSH AND CONEY ISLAND RAILWAY COMPANY and Another,
    Respondents.

*Ejectment — ancient judgment in partition, and deeds — evidence as to possession —
    land incapable of occupation.*

The Court of Appeals having held in an action of ejectment that, while a judg-
    ment in partition and a deed thereunder, relied upon by the plaintiff, were by
    reason of their age admissible in evidence without proof of contemporaneous
    possession, yet they were not sufficient evidence of the title of one claiming
    under them through mesne conveyances to enable her to recover in ejectment,
    without showing some subsequent or modern possession by the parties who had
    received later deeds going to make up the plaintiff's claim of title, the plaintiff,
    upon a new trial, introduced evidence to show that the land in question, being a
    barren sand lot upon the shore of the ocean, without access to the water by
    reason of the surf, was so situated as to render use or occupation thereof impos-
    sible, coupled with a concession that, apart from the possession of the defendant,
    the premises had always been vacant and actually unoccupied, claiming that
    this evidence, supplemented by the principle of law which requires courts to
    consider the true owner as constructively in possession of the lands to which
    he holds title, unless they are in actual hostile occupation by another under a
    claim of title, authorized a judgment in her favor.

*Quære,* whether such evidence entitled the plaintiff to recover.

APPEAL by the plaintiffs, Elizabeth Greenleaf and another, from
a judgment of the Supreme Court dismissing the complaint upon
the merits, entered in the office of the clerk of Kings county on
the 23d day of March, 1893, upon a decision of the court, rendered
after a trial by the court at the Kings County Special Term, a trial
by jury having been waived.

The action was in ejectment, to recover the possession of premises
described as "lying and being on Coney Island, in the town of
Gravesend, county of Kings and State of New York, and being
known and designated as lot No. 23 on the commissioners' map of
part of the real estate of Johannes Emmons, deceased, situate in the
towns of Gravesend and Flatlands in the county of Kings, recorded
in the office of the register of Kings county as map No. 173,
together with all the accretions to the said lot belonging or in any-
wise appertaining."

The land in suit is sixty feet in width and several hundred feet
in depth, lying in what are known as the grounds of the Brighton

Beach Hotel on Coney Island, and including a part of the land on which that hotel stands.

The action was brought originally in the United States Circuit Court by Charles H. Greenleaf and James S. Butler, who were then residents of the State of New Hampshire, in the year 1882, and was by stipulation removed to the Supreme Court of the State of New York, to be tried without a jury.

Thereafter an inquest was taken by the plaintiffs on the non-appearance of the defendants, who thereupon moved to set aside the judgment entered upon the inquest, because there was not sufficient evidence of either title or seizin in the plaintiffs to warrant even a judgment by default.

The defendants appealed from an order denying this motion, and the General Term affirmed the order. (See 37 Hun, 435.) The Court of Appeals dismissed an appeal from this decision. (102 N. Y. 96.)

The defendants then took their second trial under the statute, which resulted in a nonsuit, on an appeal from which by the plaintiffs, the General Term sent the case back for a new trial. (3 N. Y. Supp. 222.)

In the meantime, the plaintiff Greenleaf had died, and the action was continued in the name of his executrix.

The third trial, in which evidence for the defense was given, resulted in a judgment favoring the plaintiffs, which was affirmed by the General Term (8 N. Y. Supp. 30), but reversed by the Court of Appeals and a new trial granted, with an opinion reported in 132 N. Y. 408. A new trial was thereupon had, which resulted in the judgment now appealed from.

*Frederick A. Ward* and *Mornay Williams*, for the appellants.

*William C. De Witt*, for the respondents.

DYKMAN, J.:

The parties in this action differ in respect to the decision of the Court of Appeals when the case was there last.

According to the understanding of the defendants the Court of Appeals overthrew the proposition that the judgment in partition imported seizin of the land, while the plaintiffs contend that the opinion of the Court of Appeals sustained the decision of the Gen-

eral Term respecting the legal effect of that judgment and the deeds executed in pursuance thereof ; and held that as to the judgment and deeds, in view of their age, it was unnecessary to show possession.

The opinion of the Court of Appeals states that the authenticity of the judgment was established by the record and was admissible in evidence, and that it was usually impossible to prove an ancient possession of property by living witnesses, and when a deed forming part of a chain of title is so ancient that there can be no person living who can testify to acts of ownership by the grantor or grantee, it may be received in evidence without such proof.

Then it contains this language, " while under this rule the judgment in partition and the subsequent deed to John Emmons were admissible in evidence without proof of contemporaneous possession of the land by the parties to the judgment and deed, yet they are not sufficient evidence of title of one who claims under them through mesne conveyances to recover in ejectment without showing some subsequent or modern possession by the parties who have received later deeds which go to make up the plaintiff's claim of title."

Understanding this last clause to specify a requirement which might be supplied upon another trial, the plaintiffs, upon the trial, introduced testimony to show that the land in question was so situated as to render any use or occupation thereof impossible.

It was a sand lot lying upon the shore of the ocean and destitute of anything useful. It could not be utilized for access to the water because the surf beat upon the beach so as to prevent the launching of boats, the sand was not salable or useful there, and there was no grass or timber to cut.

There was a concession also that apart from the possession of the defendants the premises have always been vacant and actually unoccupied.

Therefore, the plaintiffs now contend that with the new testimony, supplemented by the principle of law which requires courts to consider the true owner as constructively in possession of the lands to which he holds title, unless they are in actual hostile occupation of another under a claim of title (*Bliss* v. *Johnson*, 94 N. Y. 235), they have made a case which entitles them to a judgment in their favor within the decision of the Court of Appeals.

These views are in accordance with the decision of this General Term, but we are not entirely clear that they rightly interpret the opinion of the Court of Appeals, and as the case must go there again, we think it wise to let it go directly upon a judgment of affirmance.

We have said nothing upon the question of location, because we think it unnecessary to do so, but we are prepared to adhere to our former decision that the premises are properly located. In fact, the concession upon the trial respecting the possession, substantially admits that the defendant is in possession of the premises, and if they are so then they are located.

However, as we have said, we think the judgment should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred in result.

Judgment affirmed, with costs.